ing and Simpson or Mrs. Simpson were last in the power, custody and control of Simpson, and that they had been lost or destroyed.

The plaintiffs offered in evidence 82 notes of $100 each, made by Simpson to Lloyd Cecil, dated February 26, 1889, and due one day after date, together with the justice's court summonses attached to them, showing judgments rendered thereon March 18, 1889. These were rejected as irrelevant.

The testimony of Fleming was by interrogatories. In answer to a cross-interrogatory he stated that he had a settlement with plaintiffs since making this debt. One of the plaintiffs' attorneys testified that this was not a settlement of the papers here sued on, but that it referred to a trover suit between plaintiffs and Fleming. The plaintiffs offered an interrogatory propounded to Fleming, and the answer thereto, marked "rebuttal," as explanatory of the answer of the witness to the cross-interrogatory; but the interrogatory so offered was ruled out because it had been attached after the interrogatories had been crossed, and because defendants' counsel had had no notice of it. The testimony thus sought to be introduced was, that the settlement with plaintiffs was confined to the return by Fleming of certain collateral notes and mortgages he held for them, and the dismissal of the bail-trover suit which they had brought against him in the superior court.

W. A. SCOTT and R. H. POWELL, for plaintiffs.

J. D. RAMBO, F. B. DILLARD and CLARENCE WILSON, by HARRISON & PEEPLES, for defendants.

SOLOMON v. THE WESTERN UNION TELEGRAPH COMPANY.

The violation by a telegraph company of the act of 1887 in relation to receiving and transmitting messages is a tort, for which the aggrieved party may recover in any court having jurisdiction, the

measure of recovery as to penalty being prescribed in the act. A county court organized under the general law has, by virtue of this act and of section 282 of the code, jurisdiction to try and render judgments in cases originating under the act.

March 27, 1893. Argued at the last term.  *Judgment reversed.*

Action for penalty. Before Judge FISH. Sumter superior court. January, 1892.

Solomon sued the telegraph company in the county court, for the statutory penalty for failure to transmit and deliver a message with impartiality, good faith and due diligence. Appeal was taken to the superior court, where defendant moved to dismiss the case on the ground that the county court did not have jurisdiction in such actions, the jurisdiction of said court only extending to civil cases of contract and for damages in cases of tort. The motion was sustained.

HUDSON & BLALOCK, for plaintiff.
GUSTIN, GUERRY & HALL, for defendant.

---

BANK OF SOUTHWESTERN GA. *v.* MAYOR, ETC. OF AMERICUS.

This case is controlled by the case of *Born* v. *Williams*, 81 *Ga*. 796.

March 27, 1893. Argued at the last term.  *Judgment affirmed.*

Garnishment. Before Judge FISH. Sumter superior court. May term, 1892.

Upon an indebtedness of Smith a summons of garnishment was issued, directed to the Mayor and City Council of Americus. The garnishee answered that it contracted with Smith to construct a city hall and public school-house, both for public uses, and that whatever it owed Smith was due under this contract. The answer was not traversed. The court ruled that the corporation was not subject to garnishment for sums due a contractor for constructing public buildings.